BATES et al. v. ROSENBERG et al.

(Supreme Court, Appellate Term. March 19, 1912.)

APPEAL AND ERROR (§ 1221.*)—JUDGMENT—EXPUNGING OR MODIFYING.

The court's written opinion on the determination of an appeal will not, on petition of an attorney in the case, the parties to the case not being before the court, be expunged from the records, or modified, so far as reflecting on him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4722; Dec. Dig. § 1221.*]

Action by Jerome E. Bates and another against Barnet Rosenberg and another. Judgment for plaintiffs was reversed on appeal (121 N. Y. Supp. 335), and the attorney, who was then counsel for plaintiffs, moves to expunge and remove from the files of the court its opinion then rendered, or to modify it in its references to petitioner. Motion denied.

Argued January term, 1910, before SEABURY and GUY, JJ.

Rogers & Rogers (Gustavus A. Rogers and Saul E. Rogers, of counsel), for petitioner.

PER CURIAM. The petitioner in this motion is an attorney at law, and asks for an order expunging or removing from the files an opinion written by this court, upon the determination of an appeal taken in this case in January, 1910, or, if such relief is not granted,

the references to the petitioner in the opinion be modified. A copy of the petition and notice of this motion was duly served upon the attorneys who represented the appellant at the hearing of the appeal, and they make no opposition to the granting of this motion. It may therefore be assumed that they acquiesce in the view of the petitioner that the language of the opinion referring to him is, to say the least, somewhat severe.

The petition is verified, and contains statements tending to explain and weaken the force of the facts contained in the record, upon which this court based its opinion; but, assuming a right to do so, we do not think it proper to expunge from the record, or to modify, an opinion concurred in by the entire court after full consideration of the evidence given in the case, when the parties to that case are not before us. It is urged by the petitioner that the opinion was offered and received in evidence, as affecting his credibility, in a recent action brought by him to recover for legal services. It is difficult to comprehend how the opinion could be properly admitted as evidence in such a controversy. No appeal, however, was taken by the petitioner from the judgment obtained in his favor in the action referred to, and it must therefore be assumed that the error in the admission of the opinion as evidence was not seriously harmful.

The motion must therefore be denied, but without costs.